NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALBERT P. SCHULTZ,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3142

---

Petition for review from the Merit Systems Protection Board in No. PH0752940233-A-6.

---

**ON MOTION**

---

Before LOURIE, O'MALLEY, AND REYNA, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

## O R D E R

The Merit Systems Protection Board moves to transfer this appeal to the United States District Court for the Western District of Pennsylvania in light of the United States Supreme Court's decision in *Kloeckner v. Solis*, No. 133 S.Ct. 596 (2012).  Albert P. Schultz opposes.

This appeal has its genesis in an appeal to the Board alleging that United States Postal Service ("agency") discriminated against Schultz based upon his physical and mental disabilities in a constructive suspension and subsequent removal. The Board agreed with Schultz's claim and reversed both the constructive suspension and removal actions and awarded Schultz back pay. Schultz and the agency entered into a settlement agreement resolving all issues and claims against the agency except for the proper amount of back pay. Schultz filed suit in the district court for back pay and the district court calculated the amount owed. Schultz then filed a motion for attorney fees with the district court. The district court ultimately awarded Schultz fees that excluded fees incurred during Board proceedings. Schultz then filed a petition for attorney fees before the Board. The full Board dismissed Schultz's petition for fees incurred during the removal appeal as untimely filed without good cause shown for the delay. The Board denied Schultz's petition for fees incurred during the compliance matter for lack of entitlement. Schultz petitioned this court for review.

Before the court is the Board's motion to transfer the petition for review to the district court. In *Kloeckner*, the Supreme Court addressed the proper forum for an appeal from the Board in a mixed case.[1] The Court held in no uncertain terms that such appeals were to be brought to the district courts:

> A federal employee who claims that an agency action appealable to the [Board] violates an antidiscrimination statute listed in [5 U.S.C.] §7701(a)(1) should seek judicial review in district court, not in the Federal

---

[1] A "mixed case" is one in which "an employee complains of a personnel action serious enough to appeal to the [Board] *and* alleges that the action was based on discrimination." *Id.* at 601.

Circuit. That is so whether the Board decided her case on procedural grounds or instead on the merits.

*Id.* at 607.[2]

Schultz argues that *Kloeckner* does not apply to his appeal because he is appealing the dismissal of his petition for attorney fees, not the merits of his original claim against the agency. Schultz also contends that this action relates to and arises from a settlement agreement between the parties and thus the underlying enforcement action is substantively an action for money damages and is encompassed by the Tucker Act. As a result, if the appeal is to be transferred at all, Schultz asserts it is to be transferred to the United States Court of Federal Claims. We disagree.

The petition for attorney fees stems from a mixed case. Schultz initially alleged discrimination based on physical and mental disabilities. The Supreme Court's *Kloeckner* decision is not ambiguous: a federal employee should seek judicial review in district court, not in this court, when he claims that an agency action violates an antidiscrimination statute. *Id.*

Pursuant to 28 § U.S.C. § 1631, this court is authorized to transfer a case to a court in which the appeal could have been brought at the time it was filed or noticed, here the United States District Court for the Western District

---

[2] In *Conforto v. Merit System Protection Board*, No. 713 F.3d 1111 (Fed. Cir. 2013), we explained that *Kloeckner* did not affect our prior caselaw regarding the Board's jurisdictional dismissals, and that this court has jurisdiction over a petition when the Board dismisses for lack of jurisdiction. Here, Schultz's petition for attorney fees was not dismissed on jurisdictional grounds.

of Pennsylvania.  The district court would have jurisdiction over this case pursuant to 5 U.S.C. § 7703(b)(2).

 Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted and the appeal is transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1631.

(2) The Board's motion to stay the appeal pending the Supreme Court's decision in *Kloeckner v. Solis*, No. 133 S.Ct. 596 (2012), is denied as moot.

FOR THE COURT

/s/   Daniel E. O'Toole
     Daniel E. O'Toole
     Clerk

s25

ISSUED AS A MANDATE:  September 17, 2013